IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. WR-78,202-01 and 78,202-02






EX PARTE FRANCISCO JAVIER GONZALEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 41410 AND 41411 IN THE 268TH DISTRICT COURT


FROM FORT BEND COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter in each case, and he was sentenced to concurrent terms of twenty years' incarceration.
There were no direct appeals.

 Applicant raises several claims in his writ application, including a claim of ineffective
assistance of trial counsel for failing to admonish him of the consequences of his guilty pleas in
accordance with the United States Supreme Court's decision in Padilla v. Kentucky, 559 U.S. ___,
130 S.Ct. 1473 (2010). Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no response from counsel in the record provided
to this Court. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. 

 The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance. To obtain the response, the trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court may make further findings of fact and conclusions of law regarding the claim,
and the trial court may also make any other findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: September 12, 2012

Do not publish